COLEMAN et al. v. BENCH, City Recorder of Provo City (Two Cases).

Nos. 6028, 6029. Decided November 17, 1938. (84 P. 2d 412.)

*George W. Worthen,* of Provo, for plaintiff.

*I. E. Brockbank,* of Provo, for defendant.

WOLFE, Justice.

Applications for mandamus to compel I. G. Bench, City Recorder of Provo City, to solicit bids from printers for the printing of petition copies as required by Chapter 10, Title 25, R. S. U. 1933, generally called the Initiative and Referendum law.

On September 8, 1936, an ordinance providing for the construction of a municipal electric generating plant and distribution system by the City of Provo was passed by the city commission of Provo City, signed by the mayor and attested by the city recorder. On October 13, 1936, it was voted on favorably by the people. Between October 13, 1936 and May 16, 1938, certain proceedings were had in the Supreme Court which held up the execution of said ordinance, but on May 16, 1938, after petition for rehearing in the case for permanent writs of prohibition had been denied, Mark Anderson, Mayor of Provo City, endorsed the acceptance of Provo City on the proposal for construction tendered by the Ulen Contracting Corporation.

On the said same day, May 16th, the plaintiffs herein presented to Bench their application for petition copies of a proposed ordinance designed to repeal the ordinance passed by the people on October 13, 1936. Bench filed the application but refused to proceed to do the ministerial acts of soliciting bids for printing. The plaintiffs apply to this court for a writ of mandamus to compel Bench to solicit such bids. The case is numbered 6029 in this court.

At the same time the plaintiffs presented and filed with Bench an application for petition copies of an ordinance designed to repeal the so-called Construction Ordinance above set out, they also filed an application for petition copies of an ordinance designed to repeal a companion ordinance to the Construction Ordinance, passed and ordained on the same day as the first, to wit: Sept. 8, 1936. This ordinance was also voted on favorably by the people on October 13, 1936. It was known as the Bond Ordinance and provided for the issuance of $850,000 of electric revenue bonds to be issued by the City of Provo, the proceeds of which were to pay for the construction of the generating plant. The two projects went together as one. Bench refused to solicit printing bids for printing petition copies of this second proposed ordinance to repeal the bond ordinance. The plaintiffs brought a separate suit in this court to mandamus him to

act. Such case was given file number 6028 in this Court. The rulings on one case will be controlling in the other.

Bench justifies his refusal on the ground that ordinances passed constitute a contract and cannot be repealed without impairing the obligation of contracts; consequently any vote passing said ordinances would be unconstitutional and void.

The processes of legislation carried on by a representative body such as the legislature are self-contained in comparison to those carried on by or through the Initiative and Referendum law. The judiciary could not in any way arrest any of the processes of a legislative body where those processes are initiated and carried to final passage in such body. The processes of initiation and referendum are exposed to the action of the judiciary at certain points along the way because they are not in the control of a single agency, but depend on certain ministerial officers doing their duty. Therefore, for the very purpose of enforcing the processes of initiation which might not be enforced in any other way resort may be had to the judiciary for mandamus.

It appears to be defendant's position that this case falls under one of the categories set out in *White* v. *Welling*, 89 Utah 335, 57 P. 2d 703, where it was stated that the court would not exercise its power to compel ministerial action. The clerk, in other words, applies his own opinion as to the constitutionality of the proposed repealing amendments and banks that this court will take the same view and refuse to issue a mandate. *White* v. *Welling*, supra, laid down certain rare cases where mandamus would be refused. But the cases where it would refuse to issue against ministerial officers, if the conditions precedent to his acting laid down by the statute had been fulfilled, are indeed rare in comparison to the instances in which it would issue.

It was said in that case that the "secretary of state cannot pass upon the constitutionality of any proposed law" [page 705]. Likewise, neither can the City Recorder pass upon the constitutionality of an ordinance. We further said in *White*

v. *Welling,* supra, that "if the proposed law showed unquestionably and palpably *on its face* that it was unconstitutional—for instance, an attempt by the proposed law to abolish a constitutional office, board, or department—it is quite likely that this court would refuse to issue the mandamus on the theory that it would not compel the secretary of state to do something which would in the end be unavailing." (Italics added.) It will be noted that this is not the test of when the Secretary of State would be prohibited from proceeding, but a situation in which this court would be *likely* to stay its hand in mandamus. It is a rule meant to guide this court in determining whether or not it would issue the mandamus and not a rule to guide the ministerial officer in the performance of his duty. It is contended that the proposed repeal ordinances will, if passed, be clearly invalid or unconstitutional. That may be. We do not pass upon that question. But they are at least not *on their face* so unquestionably and palpably unconstitutional as to cause this court to stay its hand. In order to determine whether, if they became law, they would be unconstitutional we must look into facts aliunde the proposed ordinance. If the ordinance would, if passed, be of unquestioned unconstitutionality, the rule might apply. We do not think the case at bar presents a situation which should stay our hand in requiring the ministerial processes of the initiative statute to be carried out. This is not the case in which a ministerial officer defends on the ground that the law which instructs him to act is unconstitutional and therefore imposes no duty. The recorder in this case is not justifying his refusal on the ground that the Initiative and Referendum act is unconstitutional; he refuses on the ground that the proposed ordinance when passed will be unavailing because *then* it will be unconstitutional. An officer whose duty it is to act ministerially cannot be the judge of what may in the end be or be not constitutional and gamble on this court's not issuing the mandamus. If he does refuse, he may strike a case in which we will not issue the mandate, but that is not

because he should have refused to act but because the situation is one in which we will not act. And it is not his province to guess at what the action may be on his refusal to act. His duty is not affected by what we might do if a petition to compel him to do his duty were filed.

The writ of mandamus in each case is therefore made absolute and the defendant commanded to solicit the bids and proceed according to statute. Such is the order. Costs to Plaintiffs.

FOLLAND, C. J., and HANSON, MOFFAT, and LARSON, JJ., concur.